Andy Katz (SBN 264941)
Law Offices of Andy Katz
2001 Addison St. Ste. 300
Berkeley, CA 94704
(510) 465-4400
Fax: 510-679-3277
andy@andykatzlaw.com

Attorneys for Plaintiff
TERRENCE FOLEY

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRENCE FOLEY,<br><br>　　　　　Plaintiff,<br>vs.<br><br>WELLS FARGO & COMPANY, as Plan Administrator of the Wells Fargo & Company Severance Plan, and DOES 1-10,<br><br>　　　　　Defendants | Case No.:<br><br>COMPLAINT FOR:<br><br>1) RECOVERY OF EMPLOYEE BENEFITS UNDER ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)<br><br>2) INADEQUATE NOTICE AND REASONS FOR DENIAL - § 503(2), 29 U.S.C. § 1133(2)<br><br>3) FAILURE TO ESTABLISH AND MAINTAIN REASONABLE CLAIMS PROCEDURES - 29 C.F.R. § 2560.503-1(b)<br><br>4) FAILURE TO PROVIDE SPECIFIC REASONS FOR DENIAL - 29 C.F.R. § 2560.503-1(h)(3) |

## **I. PARTIES**

1. Plaintiff TERRENCE FOLEY ("PLAINTIFF") was at all relevant times an employee of Wells Fargo & Company, working remotely from his residence at Union City, California, until being required to report to a new work location effective November 4, 2024.

2. Defendant WELLS FARGO & COMPANY ("DEFENDANT") is a corporation that serves as the Plan Administrator of the Wells Fargo & Company Severance Plan ("the Plan"), with its Plan Administrator's office located in Des Moines, IA. At all relevant times, DEFENDANT was responsible for administering the Plan and making determinations regarding benefits eligibility under the Plan.

3. PLAINTIFF is informed and believes and thereon alleges that each DEFENDANT, including DOES 1-10, were agents, employees, and/or servants of DEFENDANT WELLS FARGO & COMPANY and performed acts complained of herein in the course and scope of such agency, employment, and/or servitude and acted with the consent, ratification, permission, knowledge, and/or authorization of DEFENDANT. All of DEFENDANTS' acts and/or conduct alleged in the claims into which this paragraph is incorporated by reference were consented to, ratified, approved, and/or authorized by the officers and/or managing agents of DEFENDANT.

4. The true names and capacities of DEFENDANTS sued herein as DOES 1-10 are currently unknown to PLAINTIFF, who therefore sues these DEFENDANTS by such fictitious names. PLAINTIFF will amend this Complaint to allege their true names and capacities when ascertained. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named DEFENDANTS is responsible in some manner for the acts and omissions alleged herein.

## II. VENUE AND JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1), which provides that the district courts of the United States shall have exclusive jurisdiction over civil actions brought under Title I of ERISA. This action arises under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), and § 503(2), 29 U.S.C. § 1133(2).

6. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the breach took place in this district, the Plan is administered in part in this district, and DEFENDANT Wells Fargo & Company can be found in this district. Specifically, PLAINTIFF resides in Union City, California, and the employment position at issue was located at 1755 Grant Street, Concord, California, both of which are within the jurisdiction of the Northern District of California.

### III. PLAN IDENTIFICATION AND DESCRIPTION

7. The Wells Fargo & Company Severance Plan (the "Plan") is an employee welfare benefit plan governed by ERISA that provides post-termination severance benefits to eligible Employees who are subject to a Qualifying Event.

8. The Plan provides severance benefits to eligible Employees who experience a "Qualifying Event," which includes a "Substantial Position Change." A Substantial Position Change occurs when management initiates a change to an Employee's current position that results in certain specified changes, including "a change in work location beyond a Reasonable Commute Distance."

9. For employees with full-time telecommuting arrangements, the Plan specifically provides that termination of such arrangements may qualify as a Substantial Position Change if "the resultant commute from the Participant's home to the new work location exceeds 40 miles one way."

10. The Plan grants discretionary authority to the Plan Administrator, defined as the Head of Human Resources or their designee, to interpret Plan terms and make determinations regarding benefits eligibility.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. In accordance with ERISA requirements, PLAINTIFF has exhausted his administrative remedies by filing a timely claim for benefits under the Plan, which was denied. PLAINTIFF subsequently filed a timely appeal of the denial on December 2, 2024, which was denied by letter dated January 3, 2025. PLAINTIFF provided additional data on February 13, 2025, and through counsel requested a second appeal on March 10, 2025, which DEFENDANT denied by letter on March 25, 2025.

12. PLAINTIFF has satisfied all administrative prerequisites to filing suit. The Plan Administrator's final denial of PLAINTIFF's appeal was issued on March 25, 2025, triggering the six-month deadline to file a civil action as specified in the Plan documents. This action is filed within that six-month period and within the two-year limitation period from the first clear repudiation of benefits on January 3, 2025.

13. All conditions precedent to the institution of this lawsuit have been fulfilled, and PLAINTIFF has exhausted the Plan's administrative remedies as required by ERISA § 503, 29 U.S.C. § 1133, and the applicable Department of Labor regulations, including 29 C.F.R. § 2560.503-1.

## V. INCORPORATION OF DOCUMENTS BY REFERENCE

14. PLAINTIFF hereby incorporates by reference the following documents as if fully set forth herein: (a) the Wells Fargo & Company Severance Plan, as amended and restated effective January 1, 2024, which governs the severance benefits at issue in this action; (b) the Plan Administrator's denial letter dated January 3, 2025 determining that PLAINTIFF's change in work location did not constitute a Substantial Position Change; (c) PLAINTIFF's appeal letter challenging the Plan Administrator's interpretation of "resultant commute" and providing evidence of the more practical 41.4-mile route; (d) the Plan Administrator's final denial letter dated January 3, 2025, which disclosed for the first time that Bing Maps was being used as the mapping resource and confirmed that the Plan Administrator was interpreting "resultant commute" to mean shortest theoretical distance rather than fastest practical route; and (e) the complete administrative record of PLAINTIFF's claim for benefits, including all correspondence, mapping data, and other documents considered by the Plan Administrator in denying PLAINTIFF's claim.

## VI. STATEMENT OF FACTS

15. Prior to November 4, 2024, PLAINTIFF was employed by DEFENDANT Wells Fargo & Company and worked remotely from his residence in Union City, CA under a telecommuting arrangement.

16. DEFENDANT notified PLAINTIFF that he would be required to report to a new work location at 1755 Grant Street, 3rd Floor, Concord, CA, effective November 4, 2024, thereby terminating his telecommuting arrangement.

17. The Plan provides severance benefits to eligible employees who experience a "Substantial Position Change," which includes changes in work location beyond a Reasonable

Commute Distance and termination of full-time telecommuting if the resultant commute exceeds 40 miles one way.

18. Upon receiving notice of the work location change, PLAINTIFF investigated the commute distance from his residence to the new work location. Using standard mapping resources, PLAINTIFF determined that the most practical and quickest route between his residence and the new work location was 41.4 miles and required approximately 55 minutes of travel time via CA-24 W and I-580 E.

19. PLAINTIFF submitted a claim for severance benefits under the Plan, asserting that the termination of his telecommuting arrangement resulted in a commute exceeding 40 miles one way, thus qualifying as a Substantial Position Change under the Plan terms.

20. DEFENDANT denied PLAINTIFF's initial claim for benefits, selecting an alternative route measuring 39.8 miles but requiring approximately 69 minutes of travel time - 14 minutes longer than the more practical route identified by PLAINTIFF.

21. DEFENDANT's selected route, while technically shorter in distance, represents a less practical commuting option due to significantly longer travel time and was arbitrarily chosen to avoid the Plan's 40-mile threshold for severance benefits eligibility.

22. PLAINTIFF timely appealed the denial of his benefits claim, challenging DEFENDANT's arbitrary selection of a longer-duration route and failure to consider the most practical commuting option.

23. During the initial claims process and appeal, DEFENDANT failed to disclose that it was using Bing as its mapping resource for distance calculations, preventing PLAINTIFF from effectively addressing this aspect of the benefits determination during the administrative process.

24. By letter dated January 3, 2025, DEFENDANT denied PLAINTIFF's appeal, maintaining its position that the 39.8-mile route precluded PLAINTIFF's eligibility for severance benefits, despite this route being demonstrably less practical for daily commuting purposes.

25. DEFENDANT's denial of benefits failed to provide specific reasons for rejecting PLAINTIFF's arguments regarding route practicality and failed to explain why the longer-duration route was selected over the more efficient route.

26. Throughout the administrative process, DEFENDANT acted arbitrarily and capriciously by:

a. Selecting a longer-duration route solely to avoid paying benefits;
b. Failing to disclose the mapping resource being used for calculations;
c. Disregarding the practical realities of daily commuting; and
d. Interpreting Plan terms in a manner inconsistent with their usual, ordinary, and popular meaning.

27. As a direct result of DEFENDANT's improper denial of benefits, PLAINTIFF has been deprived of severance benefits to which he is entitled under the Plan, suffering financial damages and other harm.

## VII. FIRST CAUSE OF ACTION

### Recovery of Employee Benefits Under ERISA § 502(a)(1)(B)

### 29 U.S.C. § 1132(a)(1)(B)

### (Against All Defendants)

28. PLAINTIFF realleges and incorporates by reference paragraphs 1 through 27 above as though fully set forth herein.

29. At all relevant times, PLAINTIFF was a participant in the Wells Fargo & Company Severance Plan, which is governed by ERISA.

30. Under the terms of the Plan, PLAINTIFF was entitled to severance benefits upon experiencing a "Substantial Position Change," which includes the termination of full-time telecommuting if the resultant commute exceeds 40 miles one way.

31. PLAINTIFF's forced relocation from telecommuting to the Concord office location resulted in a commute that exceeds 40 miles one way via the most practical and efficient route.

32. DEFENDANT arbitrarily and capriciously selected a longer-duration route measuring 39.8 miles solely to avoid paying benefits, despite this route requiring approximately 15 minutes more travel time than the more practical 41.4-mile route.

33. DEFENDANT failed to disclose during the administrative process that it was using Bing as its mapping resource for distance calculations, preventing PLAINTIFF from effectively addressing this aspect of the benefits determination.

34. DEFENDANT's interpretation of the Plan terms regarding "resultant commute" was unreasonable and failed to give the terms their usual, ordinary, and popular meaning by:

a. Selecting a less practical route solely to avoid the 40-mile threshold;

  b. Disregarding the practical realities of daily commuting;

  c. Failing to consider commute duration as a factor in determining practicality.

35. DEFENDANT's denial of benefits was arbitrary and capricious because:

  a. It failed to provide a reasoned explanation for selecting the longer-duration route;

  b. It failed to address PLAINTIFF's arguments regarding route practicality;

  c. It failed to disclose the mapping resource being used for calculations;

  d. It interpreted Plan terms in a manner inconsistent with their plain meaning.

36. As a direct and proximate result of DEFENDANT's improper denial of benefits, PLAINTIFF has been deprived of severance benefits to which he is entitled under the Plan.

37. PLAINTIFF is entitled to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

## VIII. SECOND CAUSE OF ACTION

### Violation of ERISA § 503(2)

### 29 U.S.C. § 1133(2) - Inadequate Notice and Reasons for Denial

### (Against All Defendants)

38. PLAINTIFF realleges and incorporates by reference paragraphs 1 through 37 above as though fully set forth herein.

39. ERISA § 503(2) requires employee benefit plans to provide adequate notice in writing to any participant whose claim for benefits has been denied, setting forth the specific reasons for such denial.

40. DEFENDANT violated this requirement by:

  a. Failing to provide specific reasons for selecting the longer-duration route;

  b. Failing to address PLAINTIFF's arguments regarding route practicality;

  c. Failing to disclose the mapping resource being used for calculations;

  d. Providing conclusory rather than specific reasons for the denial.

41. DEFENDANT's denial notices failed to provide PLAINTIFF with sufficient information to understand the grounds for denial and prepare an effective appeal.

42. As a direct and proximate result of these violations, PLAINTIFF has been harmed by being unable to effectively challenge the denial of benefits.

### IX. THIRD CAUSE OF ACTION

### Violation of 29 C.F.R. § 2560.503-1(b)

### Failure to Establish and Maintain Reasonable Claims Procedures

### (Against All Defendants)

43. PLAINTIFF realleges and incorporates by reference paragraphs 1 through 42 above as though fully set forth herein.

44. 29 C.F.R. § 2560.503-1(b) requires employee benefit plans to establish and maintain reasonable claims procedures.

45. DEFENDANT violated this requirement by:

   a. Failing to disclose the mapping resource being used for calculations;
   b. Failing to establish clear criteria for route selection;
   c. Failing to maintain consistent standards for evaluating commute distances;
   d. Failing to provide adequate information during the claims process.

46. These violations prevented PLAINTIFF from having a full and fair review of his claim.

47. As a direct and proximate result of these violations, PLAINTIFF has been harmed by being unable to effectively pursue his claim for benefits.

### X. FOURTH CAUSE OF ACTION

### Violation of 29 C.F.R. § 2560.503-1(h)(3)

### Failure to Provide Specific Reasons for Denial

### (Against All Defendants)

48. PLAINTIFF realleges and incorporates by reference paragraphs 1 through 47 above as though fully set forth herein.

49. 29 C.F.R. § 2560.503-1(h)(3) requires that benefit determinations on review provide the specific reason or reasons for the adverse determination.

50. DEFENDANT violated this requirement by:

   a. Failing to explain why the longer-duration route was selected;
   b. Failing to address PLAINTIFF's arguments about route practicality;
   c. Failing to disclose the mapping resource being used;
   d. Providing only conclusory statements rather than specific reasons.

51. These violations prevented PLAINTIFF from understanding the basis for the denial and effectively challenging it.

52. As a direct and proximate result of these violations, PLAINTIFF has been harmed by being unable to effectively appeal the denial of benefits.

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS as hereinafter set forth.

## XII. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS, and each of them, as follows:

1. For an order declaring that PLAINTIFF is entitled to severance benefits under the Wells Fargo & Company Severance Plan;

2. For payment of all severance benefits due to PLAINTIFF under the terms of the Plan;

3. For prejudgment interest on all unpaid severance benefits from the date such benefits should have been paid through the date of judgment;

4. For reasonable attorneys' fees and costs pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1);

5. For equitable relief pursuant to ERISA § 502(a)(3), including but not limited to reformation of the Plan's interpretation of "resultant commute" to reflect practical commuting realities;

6. For an order requiring DEFENDANTS to provide a full and fair review of PLAINTIFF's claim for benefits in accordance with ERISA § 503 and applicable Department of Labor regulations, including 29 C.F.R. § 2560.503-1;

7. For such other and further relief as the Court deems just and proper.

Dated this June 6, 2025

Respectfully submitted,

_____

Andy Katz